FILED IN CHAMBERS
U.S.D.C.

MAY 0 6 2011

James N. Hatten, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BARBARA J. FULLER, and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) SUNTRUST BANKS, INC., THE SUNTRUST BANKS, INC. BENEFITS PLAN COMMITTEE, TRUSCO CAPITAL MANAGEMENT, INC., RIDGEWORTH CAPITAL MANAGEMENT, INC., JORGE ARRIETA, HAROLD BITLER, MIMI BREEDEN, MARK CHANCY, ALSTON D. CORRELL, DAVID DIERKER, TED HOEPNER, KEN HOUGHTON, THOMAS KUNTZ, DONNA LANGE, JOSEPH L. LANIER, JR., JEROME LIENHARD, GEORGE MILLER, THOMAS PANTHER, WILLIAM O'HALLORAN, LARRY L. PRINCE, WILLIAM H. ROGERS, JR., CHRISTOPHER SHULTS, JOHN SPIEGEL, MARY STEELE, and JOHN and JANE DOES 1 to 20. ) ) ) Defendants. ) | CIVIL ACTION FILE NO. 1:11-CV-784-ODE |

**[PROPOSED] JOINT PROTECTIVE ORDER**

WHEREAS, the Court entered an order on March 14, 2011 requiring the parties within 45 days to "submit a joint proposed protective order (or, if they cannot agree, each party will submit their own proposed order) regarding use of confidential information contained in confidential documents Defendants have produced in prior administrative proceedings, and may produce in this proceeding" (Dkt. No. 4);

WHEREAS, Eleventh Circuit law requires ERISA plan participants to exhaust their available administrative remedies in certain circumstances before bringing suit in federal court, Lanfear v. Home Depot, 536 F.3d 1217 (11th Cir. 2008);

WHEREAS, pursuant to certain requests for information relevant to the administrative ERISA claim(s) that were submitted to the SunTrust Banks, Inc. 401(k) Plan Committee, certain documents, tangible items, testimony, and other information, whether written or oral, were disclosed to Plaintiff's undersigned counsel during the administrative claims process that contained or constituted: (i) trade secret or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c); (ii) information subject to privacy laws; and/or (iii) information that by law or agreement must otherwise be kept confidential;

2

WHEREAS, Plaintiff's undersigned counsel and Defendant SunTrust Banks, Inc. ("SunTrust"), entered into agreement during the administrative claims process with respect to certain of this information relating to the business and operations of SunTrust ("Agreement") (attached hereto as Exhibit A);

WHEREAS, in accordance with the Agreement, SunTrust disclosed certain of its confidential and proprietary information to Plaintiff's undersigned counsel during the administrative claims process that Plaintiff may seek to disclose in or attach to certain papers submitted to the Court in connection with this action;

WHEREAS, in accordance with the Agreement, Plaintiff's undersigned counsel has agreed to treat this information as "Confidential Information" pursuant to Section 1(a)–(c) of the Agreement; and

WHEREAS, in accordance with Section 4 of the Agreement, Plaintiff's undersigned counsel have stipulated that the protections of the Agreement would continue until Plaintiff and SunTrust negotiate a mutually agreeable protective order to prevent unnecessary disclosure or dissemination of such Confidential Information in subsequent litigation, and for good cause shown pursuant to Federal Rules of Civil Procedure 26(c) and 29;

It is therefore AGREED and ORDERED that:

3

(1)

Any "Confidential Information" produced to Plaintiff's undersigned counsel during the administrative claims process in accordance with Section 1(a)–(c) of the Agreement shall be considered "Confidential Information" for purposes of this Order and shall be used by the parties to this action solely in connection with this action and may not be used or disclosed to any other party or person except as provided in this Order.

(2)

Any documents or information that may be produced after the entry of this order in this case by a party or produced via subpoena from a third-party may be designated by either party as Confidential Information, as follows:

(a)     Confidential documents or information shall be so designated by stamping copies of the document or information produced to a party with the legend "CONFIDENTIAL."

(b)     In the case of responses to interrogatories or requests for admissions and the information contained therein, the designation shall be made by means of a statement at the beginning and the conclusion of such responses (or in conjunction with the subsequent furnishing of any responsive information) specifying the responses or parts thereof deemed Confidential.

4

(c)     In the case of depositions, any party may designate all or any portion of the deposition testimony given in this litigation or the documents submitted as exhibits to a deposition as Confidential, either orally during the deposition or in writing to the parties and any other affected person within thirty (30) business days after receipt of the deposition transcript and exhibits. Confidential Information within a transcript of a deposition may be designated by underlining portions of the pages that are confidential and marking such pages as set forth in subparagraph 3(a). Until expiration of the thirty (30) day period, the entire deposition shall be treated as Confidential.

(3)

Except with the prior written consent of the producing party, or upon further Order of this Court, documents and other material designated "Confidential Information" pursuant to the terms of this Order may only be disclosed to:

(d)     The parties, their officers, employees and agents who are assisting in prosecuting or defending this action;

(e)     Counsel for the parties in this action, and their employees who are assisting in prosecuting or defending this action;

(f)     The Court, its law clerks, filing or document clerks, staff or other personnel, and court reporters;

(g) Any person testifying as a witness at a deposition, hearing, or trial in this action, or any stenographer or recording personnel requested to record such testimony;

(h) Any person interviewed as a potential witness, provided there is a reasonable basis to believe the person may give relevant testimony regarding Confidential Information in this action and provided that any such person to whom the disclosure is to be made has executed an Acknowledgement of Protective Order in the exact form as Exhibit B attached hereto;

(i) Any person identified as having authored, previously received, or having prior knowledge of such material;

(j) Any independent document reproduction or database services or document or video recording and retrieval services;

(k) Independent experts, consultants, or independent contractors, retained, or such persons or counsel sought to be retained, to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such expert, consultant or contractor to whom the disclosure is to be made has executed an Acknowledgement of Protective Order in the exact form as Exhibit B attached hereto;

(l)      Any other person who is designated as a qualified person by Order of this Court, after notice to all parties to this action; and

(m)      Any other person as to whom the parties in writing agree.

(4)

Any papers, whether pleadings, briefs, motions, or attachments thereto, that contain information that is designated "Confidential Information" pursuant to the terms of this Order shall be filed under seal unless the filing party receives prior written consent from the disclosing party that filing under seal is not necessary. No motion to file under seal shall be required. The parties, and their undersigned counsel, agree that they will cooperate in good faith to determine in advance whether filing under seal is necessary and, in doing so, will bear in mind the interest of preserving the time and resources of the Court.

(5)

Nothing shall prevent disclosure beyond the terms of this Order if the party producing the documents specifically consents in advance in writing to such disclosure, or if the Court, after notice to all affected persons, orders such disclosure.

(6)

The inadvertent or unintentional disclosure by any party to this action of Confidential Information, regardless of whether the information or document was so designated at the time of disclosure, shall not be deemed to be a waiver in whole or in part of the party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or document relating thereto on the same or related subject matter.

(7)

Nothing in this order shall restrict or prejudice a party from disclosing any "Confidential Information" that is lawfully obtained from a publicly available source.

(8)

All provisions of this Agreement between the parties are hereby ordered binding until modified, superseded, or terminated by Order of the Court. The Court retains jurisdiction for enforcement of the provisions of this Order following the conclusion of the action.

(9)

Nothing contained in this Order shall prejudice the right of the parties to this action to seek an Order of this Court modifying or dissolving this Order, or to

bring before the Court the question of whether any document or information is confidential or whether its use should be restricted. Such relief may be sought by a party to this action at any time regarding any document.

It is, hereby **ORDERED** this ___6___ day of ___May___, 2011.

Hon. Orinda D. Evans
United States District Court Judge

Dated: April 29, 2011

Respectfully submitted by:

David Tetrick, Jr.
Georgia Bar No. 713653
Darren A. Shuler
Georgia Bar No. 644276
Michael B. Wakefield
Georgia Bar No. 950517

**KING & SPALDING LLP**
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3531
(404) 572-4600
(404) 572-5135 (facsimile)
dtetrick@kslaw.com
dshuler@kslaw.com
mwakefield@kslaw.com

**Attorneys for Defendant
SunTrust Banks, Inc.**

9

*/s/ Alan R. Perry, Jr.*

Alan R. Perry, Jr.
Georgia Bar No. 572508
**PAGE PERRY LLC**
1040 Crown Point Parkway
Suite 1050
Atlanta, Georgia 30338
aperry@pageperry.com

**Local Counsel for Plaintiff Barbara J. Fuller**

J. Brian McTigue
Bryan T. Veis
James A. Moore
**MCTIGUE & VEIS LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC 20016
bmctigue@mctiguelaw.com
bveis@mctiguelaw.com
jmoore@mctiguelaw.com

**Counsel for Plaintiff
Barbara J. Fuller**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BARBARA J. FULLER, and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) | CIVIL ACTION FILE NO. 1:11-CV-784-ODE |
| SUNTRUST BANKS, INC., THE SUNTRUST BANKS, INC. BENEFITS PLAN COMMITTEE, TRUSCO CAPITAL MANAGEMENT, INC., RIDGEWORTH CAPITAL MANAGEMENT, INC., JORGE ARRIETA, HAROLD BITLER, MIMI BREEDEN, MARK CHANCY, ALSTON D. CORRELL, DAVID DIERKER, TED HOEPNER, KEN HOUGHTON, THOMAS KUNTZ, DONNA LANGE, JOSEPH L. LANIER, JR., JEROME LIENHARD, GEORGE MILLER, THOMAS PANTHER, WILLIAM O'HALLORAN, LARRY L. PRINCE, WILLIAM H. ROGERS, JR., CHRISTOPHER SHULTS, JOHN SPIEGEL, MARY STEELE, and JOHN and JANE DOES 1 to 20. ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) ) ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy to the following attorneys of record:

Alan R. Perry, Jr.
**PAGE PERRY LLC**
1040 Crown Point Parkway
Suite 1050
Atlanta, Georgia 30338
aperry@pageperry.com

J. Brian McTigue
Bryan T. Veis
James A. Moore
**MCTIGUE & VEIS LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC 20016
bmctigue@mcgtiguelaw.com
bveis@mctiguelaw.com
jmoore@mctiguelaw.com

/s/ *Michael B. Wakefield*
Michael B. Wakefield
Georgia Bar No. 950517

# EXHIBIT A

SunTrust Banks, Inc.
303 Peachtree Street
Atlanta, Georgia 30308

September 29, 2008

Gregory Y. Porter, Esquire
McTigue & Porter, LLP
5301 Wisconsin Avenue, Suite 350
Washington, D.C. 20015

Attorneys For Mary E. Lee

      Re:    <u>Confidentiality Agreement</u>

Ladies and Gentlemen:

      The purpose of this letter (the "Agreement") is to set forth our mutual agreement with respect to certain information relating to the business and operations of SunTrust Banks, Inc. ("SunTrust") that may be furnished to you or your representatives in connection with your request for materials relevant to the administrative claim (the "Claim") you submitted to the SunTrust Banks, Inc. 401(k) Plan Committee (the "Committee") on behalf of your client, Mary E. Lee.

      In consideration for and as a condition of your access to materials relevant to the Claim and to induce SunTrust to disclose certain of its confidential and proprietary information to you, you agree in favor of SunTrust and its affiliates as follows:

      1.    (a)  You acknowledge that you will have access to and be provided with confidential, secret and proprietary information of and regarding SunTrust or SunTrust's affiliates, including technical, financial, customer and other information that derives value, actual or potential, because it is not generally known to or accessible by legal means by the public. Subject to the provisions of Section 1(c) below, any fact or information concerning SunTrust or SunTrust's affiliates that is disclosed to you pursuant to the Agreement shall be deemed to be and hereafter will be referred to as the "Confidential Information." Such facts and information shall be contractually subject to protection pursuant to the provisions of this Agreement whether or not such facts and information would otherwise be regarded or legally considered "confidential," and without regard to whether such information constitutes a trade secret and is also protectable at law or in equity as a trade secret.

      (b)  You agree to (i) hold the Confidential Information in strict confidence, (ii) limit access to the Confidential Information to those of your Representatives (as defined below) who need to know the same for the sole purpose of evaluating the Claim and also have been informed of the confidential nature of the Confidential Information and have been directed to hold such information in strict confidence and to use such information solely for the

EAST\42181514.1

purposes permitted hereunder, (iii) not use the Confidential Information for any purposes other than to pursue an administrative appeal of the Claim (the "Administrative Appeal") or disclose the Confidential Information to any individual, firm or entity (a "Person"), other than as expressly set forth above with respect to your Representatives, without the prior written consent of SunTrust.

(c) Notwithstanding the provisions of Sections 1(a) and 1(b) above, the following shall not be considered Confidential Information for purposes of this Agreement: (i) any information that you can demonstrate as being within your legitimate possession prior to the time of disclosure to you pursuant to the Agreement; (ii) any information which was generally known prior to disclosure to you pursuant to the Agreement or that becomes generally known other than through an unauthorized disclosure by you or any of your Representatives; and (iii) any information which is disclosed to you on a non-confidential basis by a third party who has legitimate possession thereof and the unrestricted right to make such disclosure. Information that does not constitute a trade secret under applicable law shall not be treated as Confidential Information for purposes of this Agreement after three (3) years from the date of this Agreement.

2. You agree that you will advise and cause your attorneys, representatives and agents ("Representatives") who will have access to Confidential Information not at any time to use any Confidential Information for any purposes other than in connection with discussions regarding the Administrative Appeal and not at any time to disclose any Confidential Information to any Person other than you and your other Representatives permitted to have access to Confidential Information as provided above, and any such use or disclosure shall be at all times and in all events on the terms of and in compliance with the restrictions of this Agreement. You agree to be responsible for the compliance by your Representatives with this Agreement.

3. You agree that, within ninety (90) days of the earlier to occur of (a) your failure to submit a timely Administrative Appeal within the period required under Article 9.4(c) of the SunTrust Banks, Inc. 401(k) Plan document, (b) the Committee's resolution of the Administrative Appeal in a manner that is satisfactory to you, or (c) your decision not pursue a civil action after the Committee has fully and finally decided any Administrative Appeal you may bring, you shall return, and cause your Representatives to return, to SunTrust all Confidential Information which is in a tangible form (including, without limitation, in any computer data base or other computer file or in any other electronic medium), in your or their possession or control, including, without limitation, all documents created by you or your Representatives that incorporate or reflect any Confidential Information and are not subject to a claim of attorney-client privilege and/or the attorney work product doctrine (all of which documents shall constitute Confidential Information); provided that in lieu of delivery to SunTrust of any Confidential Information contained in notes, summaries, analyses, computer files or other electronic media, or other such documents created by you or your Representatives, you or your Representatives may destroy such documents and provide to SunTrust written confirmation of such destruction. In addition, all Confidential Information not in tangible form will remain subject to the terms of this Agreement and shall not be reduced to writing or otherwise placed in any tangible form at any time after any such request for return.

4. In the event you submit a timely Administrative Appeal, that Administrative Appeal is denied by the Committee, and you elect to pursue a civil action under the Employee Retirement Income Security Act of 1974 (the "Litigation"), you agree that each of the covenants

and agreements in favor of SunTrust and its affiliates contained in this Agreement, and each of the rights granted herein, shall survive until the parties are able to negotiate a mutually agreeable protective order and that you will use reasonable measures to prevent any disclosure of the Confidential Information until such time, including but not limited to, if necessary, seeking permission of the court to file under seal exhibits, if any, containing Confidential Information. You further agree that you shall, within nine (9) months of the conclusion of the Litigation, including all appeals, return and cause your Representatives to return to SunTrust all Confidential Information which is in a tangible form (including, without limitation, in any computer data base or other computer file or in any other electronic medium), in your or their possession or control, including, without limitation, all documents created by you or your Representatives that incorporate or reflect any Confidential Information and are not subject to a claim of attorney-client privilege and/or the attorney work product doctrine (all of which documents shall constitute Confidential Information); provided that in lieu of delivery to SunTrust of any Confidential Information contained in notes, summaries, analyses, computer files or other electronic media, or other such documents created by you or your Representatives, you or your Representatives may destroy such documents and provide to SunTrust written confirmation of such destruction. In addition, all Confidential Information not in tangible form will remain subject to the terms of this Agreement and shall not be reduced to writing or otherwise placed in any tangible form at any time after any such request for return.

5. Nothing in this Agreement shall be construed as (i) preventing or limiting the Committee, SunTrust or their respective affiliates from disclosing information to any other third party, or (ii) constituting a license, assignment, transfer or conveyance of any trademark, patent or other intangible rights of SunTrust or any of its affiliates.

6. In the event that you or any of your Representatives become legally compelled (by oral questions, interrogatories, requests for information or documents, subpoena, civil investigative demand or similar process) to disclose any Confidential Information, you will provide SunTrust with prompt written notice so that it may seek a protective order or other appropriate remedy or waive compliance with the provisions of this Agreement. In the event that such protective order or other remedy is not obtained, or if SunTrust waives compliance with the provisions of this Agreement, you shall be entitled to disclose in response to legal compulsion that portion of the Confidential Information which your counsel advises you that you are legally required to disclose, but in so doing you will exercise reasonable efforts to obtain reliable assurance that such Confidential Information will receive confidential treatment.

7. You acknowledge that you are aware, and that you will advise your Representatives who are informed as to the matters which are the subject of this Agreement, that the United States securities laws prohibit any Person who has received from an issuer material, non-public information concerning the matters which are the subject of this Agreement from purchasing or selling securities of such issuer or from communicating such information to any other Person under circumstances in which it is reasonably foreseeable that such Person is likely to purchase or sell such securities.

8. All rights and restrictions contained herein may be exercised and shall be applicable and binding only to the extent that they do not violate any applicable laws and are

intended to be limited to the extent necessary so that they will not render this Agreement illegal, invalid or unenforceable. This Agreement is severable, and if any terms of this Agreement shall be held to be illegal, invalid or unenforceable by a court of competent jurisdiction, it is the intention of SunTrust and you that the remaining terms hereof shall constitute our agreement with respect to the subject matter hereof, and all such remaining terms shall continue in full force and effect.

9. No waiver by the Committee or SunTrust of any breach of, or default in, any term or condition of this Agreement shall constitute a waiver of or assent to any succeeding breach of, or default in, the same or any other term or condition hereof.

10. No remedy available to the Committee or SunTrust is intended to be exclusive of any other remedy, and each and every such remedy shall be in addition to, and not in limitation of or substitution for, every other remedy available at law or in equity or by statute or otherwise, including any remedies under trade secret, unfair business practices or similar laws. Without limiting the above, it is agreed that there may be no adequate remedy at law available to SunTrust in the event of a breach of this Agreement and that SunTrust, in addition to all other rights and remedies which may be available to it, shall have the right to obtain specific performance or injunctive relief, as applicable, in the event of any breach or threatened breach of this Agreement.

11. This Agreement shall be binding upon you, your Representatives and your and their respective heirs, legal representatives, successors, and assigns, and shall inure to the benefit of SunTrust, its affiliates and their respective successors and assigns.

12. This Agreement constitutes the entire agreement between the parties relating to the subject matter hereof and supersedes all prior agreements or understandings between them with respect to the matters referred to herein. This Agreement may be amended or any provision hereof waived only by a writing signed by SunTrust and specifically referring to this Agreement and explicitly amending or waiving it.

13. This Agreement shall be governed by, and construed and enforced in accordance with, the substantive laws of the State of Georgia, without regard to its principles of conflicts of law.

If you are in agreement with the foregoing, please so indicate by signing below and returning a signed copy of this Agreement to SunTrust, whereupon this Agreement shall constitute our agreement with respect to the subject matter hereof.

       Very truly yours,

       SUNTRUST BANKS, INC.

       By: _Gregory Porter_
       Name: _GREGORY Y. PORTER_
       Title: _ATTORNEY_

Agreed to and accepted as of
the 30 day of September 2008.

By: _____
Name: Gregory Y. Porter, Esquire
Title: Attorney for Mary E. Lee

## **EXHIBIT B**

## **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

By affixing my signature below, I acknowledge that I have read and carefully considered the Protective Order (the "Order") executed in **Barbara J. Fuller v. SunTrust Banks, Inc. et al., No. 1:11-cv-784-ODE pending in the United States District Court for the Northern District of Georgia.** To the extent necessary, I have sought any necessary legal advice regarding my obligations under the Order. I further understand and agree that should I violate the provisions of said Order that I may be subject to the contempt powers of the Court and hereby submit myself to the jurisdiction of the Court for purposes of adjudication of any sanction, or action by the parties for violation of the Order. I understand that my access to Confidential Information, as described in the Order, is expressly conditioned on my agreement to be bound by the terms of the Order, and I agree to be so bound.

_____
Signature

_____
Typed Name