FILED IN CHAMBERS
U.S.D.C. - Atlanta

OCT 3 0 2012

James N. Hatten, Clerk
By: /s/ AMCauu
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA J. FULLER, and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>SUNTRUST BANKS, INC., THE SUNTRUST BANKS, INC. BENEFITS PLAN COMMITTEE, JORGE ARRIETA, HAROLD BITLER, MIMI BREEDEN, MARK CHANCY, ALSTON D. CORRELL, DAVID DIERKER, TED HOEPNER, KEN HOUGHTON, THOMAS KUNTZ, DONNA LANGE, JOSEPH L. LANIER, JR., JEROME LIENHARD, GREGORY MILLER, THOMAS PANTHER, WILLIAM O'HALLORAN, LARRY L. PRINCE, WILLIAM H. ROGERS, JR., CHRISTOPHER SHULTS, JOHN SPIEGEL, MARY STEELE, and JOHN AND JANE DOES 1 TO 20,<br><br>Defendants | CIVIL ACTION NO.<br>1:11-CV-784-ODE |

ORDER

This case, involving alleged violations of the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"), is before the Court on: Plaintiff's Motion for Reconsideration, in part, of the Court's March 20, 2012 Order on Defendants' Motion to Dismiss the Amended Complaint [Doc. 62]; Defendants' Rule 12(b)(1) Motion to Dismiss Amended Complaint for Lack of Subject-Matter Jurisdiction [Doc. 61]; and Sandra D. Stargel and Selethia Pruitt's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 [Doc. 67]. For the following reasons, Plaintiff's Motion for Reconsideration, in part, of the Court's March 20, 2012 Order on Defendants' Motion to Dismiss the Amended Complaint [Doc.

62] is DENIED; Defendants' Rule 12(b)(1) Motion to Dismiss Amended Complaint for Lack of Subject-Matter Jurisdiction [Doc. 61] is GRANTED; and Sandra D. Stargel and Selethia Pruitt's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 [Doc. 67] is DENIED.

I. <u>Procedural Background</u>[1]

In an Order dated March 20, 2012 [Doc. 59] the Court granted in part and denied in part Defendants' Motion to Dismiss Amended Complaint [Doc. 39]. Specifically, the Court granted Defendants' Motion as to Count I, or that Defendants engaged in ERISA prohibited transactions [Doc. 59 at 21], reasoning some of the underlying claims were time-barred and Plaintiff lacked standing to bring the remaining claims [<u>Id.</u> at 17-18, 20-21].

The Court also granted Defendants' Motion as to Count III, or breach of fiduciary duties of loyalty and prudence for selecting STI Classic International Equity Index Fund [<u>id.</u> at 28], and Count VII, or breach of fiduciary duties of loyalty and prudence by mapping the NCF 401(k) plan [<u>id.</u> at 32-33], for lack of standing. Lastly, the Court granted Defendants' Motion to Dismiss Count VI, or co-fiduciary liability, concluding Plaintiff's assertions failed to "progress beyond the hypothetical and state a plausible claim . . . ." [<u>Id.</u> at 32]. However, the Court denied Defendants' Motion to Dismiss as to: Count II [<u>id.</u> at 28], or breach of fiduciary duties of loyalty and prudence for retaining STI Classic Funds; Count IV, or knowing participation by SunTrust as a party-in-interest [<u>id.</u> at 29]; and Count V, or the Chairman Defendants'

---

[1]The Court, having already set forth the relevant factual background of Plaintiff's claims in a prior Order [Doc. 59], will only provide the relevant procedural history.

2

breach of fiduciary duties of loyalty and prudence for failure to monitor the Committee Defendants [Id.].

On April 6, 2012, Plaintiff filed a Motion for Reconsideration [Doc. 62]. In this Motion, Plaintiff asks the Court to "vacate its finding that Plaintiff had actual knowledge and (i) find instead that Plaintiff lacked actual knowledge and that Count II is subject only to the limitations of ERISA's six-year period, or in the alternative, (ii) find that the issue of actual knowledge cannot be resolved at the motion to dismiss stage in this instance" [Doc. 62 at 2]. More specifically, Plaintiff claims the Court erred in: (1) "assuming that the standard for possession of actual knowledge is sufficient to assert a claim, rather than knowledge of the breach itself" [Doc. 62-1 at 3]; (2) "considering documents outside the pleadings on a Motion to Dismiss when the Eleventh Circuit conditions for doing so were not met" [id. at 6]; (3) "imputing to Plaintiff knowledge from unauthenticated documents" [id. at 7]; and (4) "making factual findings without converting the motion [to dismiss] to a motion for summary judgment and giving Plaintiff the opportunity for discovery and to present evidence supporting her position" [Id. at 12]. On April 23, 2012, Defendants filed a response in opposition to Plaintiff's Motion [Doc. 64], to which Plaintiff replied [Doc. 65].

Additionally, on April 5, 2012, Defendants filed a Motion to Dismiss, with prejudice, Plaintiff's Amended Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. 61]. In this motion, Defendants assert that because the Court in its prior Order [Doc. 59], concluded

3

"ERISA's limitation period precludes Plaintiff from pursuing any claims that arose before April 10, 2007" [Doc. 61-1 at 2] and "Plaintiff cashed out of the SunTrust Banks, Inc. 401(k) Plan . . . and maintained no investment in any of the STI Classic Funds after October 12, 2005, she lacks standing to pursue any claim that arose within the applicable limitations period" [Id.]. On April 23, 2012, Plaintiff filed a response to Defendants' Motion to Dismiss [Doc.63], in which she merely notes "if Plaintiff's motion for reconsideration is denied, while Plaintiff Fuller will not concede the validity of Defendants' motion, she will not contest it" [Id. at 2].

On September 26, 2012, Plaintiff's counsel filed Sandra D. Stargel and Selethia Pruitt's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 [Doc. 67]. In this Motion, two participants in the Defendants' 401(k) Plan seek to "become named plaintiffs (and putative class representatives) in this class action" [Doc. 67-2 at 2]. Unlike Plaintiff, the movants maintained investments in this Plan after April 10, 2007 [Id.]. The movants cite to cases in which courts have allowed intervention when the named plaintiff's case was rendered moot. On October 11, 2012, Defendants filed a response to the motion for intervention [Doc. 68]. Defendants argue that because "the sole named plaintiff . . . lacks standing, the Court lacks subject-matter jurisdiction—and there are no shoes into which Stargel and Pruitt might step" [Doc. 68 at 2].

II. Motion for Reconsideration

Plaintiff's Motion for Reconsideration is denied. Under the Northern District of Georgia Civil Local Rule 7.2(E), "[m]otions

4

for reconsideration shall not be filed as a matter of routine practice." N.D. Ga. L.R. 7.2(E). A motion for reconsideration should only be filed when absolutely necessary for situations involving "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010) (Duffey, J.). A motion for reconsideration is not appropriate "to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it could have done it better the first time." Reid v. BMW of N. Am., 464 F. Supp. 2d 1267, 1270-71 (N.D. Ga. 2006) (Shoob, J.) (internal quotation marks and citation omitted).

In her Motion for Reconsideration, Plaintiff merely "repackages familiar arguments," and thus has not shown reconsideration is warranted. For example, in her Motion for Reconsideration, Plaintiff asserts the proper standard for determining when the three-year statute of limitations begins to run is when a plaintiff has "actual knowledge . . . of the breach itself" [Doc. 62-1 at 4], which Plaintiff claims she did not have because "she lacked knowledge of Defendants' deliberations and monitoring process" [Id. at 6]. This argument mirrors Plaintiff's assertion in her response to Defendants' motion to dismiss [Doc. 44 at 31-40], which the Court rejected [Doc. 59 at 27 ("Although Plaintiff claims knowledge of the monitoring process is required to trigger the limitation period, Plaintiff was aware of relevant facts underlying the alleged breach of duty sufficient to trigger the limitations period.")].

Plaintiff claims, for example, she is not "rehashing" the same arguments, since she has identified "at least seven cases not cited at all in Plaintiff['s] Brief in Opposition to Defendants' Motion to Dismiss the Amended Complaint" [Doc. 65 at 3]. However, these cases do not represent "an intervening development or change in controlling law" as these cases existed at the time of Plaintiff's response to Defendant's Motion to Dismiss [see generally Doc. 62-1 at 7-11], and thus do not support Plaintiff's request for reconsideration. Having already considered and ruled against arguments advanced by Plaintiff in her Motion for Reconsideration, the Court finds that Plaintiff has failed to set forth a basis for the Court to reconsider its prior ruling, and thus denies Plaintiff's Motion for Reconsideration [Doc. 62].

III. Motion to Dismiss

The Court grants Defendants' Rule 12(b)(1) Motion to Dismiss Amended Complaint for Lack of Subject-Matter Jurisdiction [Doc. 61]. To establish constitutional standing, a plaintiff must show injury in fact. In re ING Groep, N.V. ERISA Litig., 749 F. Supp. 2d 1338, 1345 (N.D. Ga. 2010) (Carnes, J.) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). A plaintiff must further establish a causal connection between the injury and defendant's conduct and show that court intervention may redress this injury. Lujan, 504 U.S. at 560-61.

The Court, in its prior Order, found Plaintiff's claim for breach of fiduciary duties of loyalty and prudence by the Committee Defendants retaining STI Classic Funds, was not time barred *only* as to actions occurring between April 10, 2007 and March 11, 2011. As shown by Defendants, and not contested by

6

Plaintiff, Plaintiff ceased to hold any investment in the Plan after October 12, 2005. Since Plaintiff was not an investor in the Plan after this date, she suffered no injury, or was not threatened with an injury, which the Court can now redress. Thus, after considering Defendants' argument and supporting documents, and Plaintiff's response, or lack thereof, Defendants' Motion to Dismiss Plaintiff's Amended Complaint with Prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) [Doc. 63] is granted.

IV. Motion to Intervene

The Court denies Sandra D. Stargel and Selethia Pruitt's Motion to Intervene Pursuant to Fed. R. Civ. P. 24 [Doc. 67]. As Plaintiff Fuller lacks standing, the Court likewise lacks subject matter jurisdiction. Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction . . . ." (internal quotation marks and citation omitted)). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). As such, the Court finds itself unable to allow parties to now intervene, and thus Sandra D. Stargel and Selethia Pruitt's Motion to Intervene [Doc. 67] is denied.

V. Conclusion

Plaintiff's Motion for Reconsideration, in part, of the Court's March 20, 2012 Order on Defendants' Motion to Dismiss the Amended Complaint [Doc. 62] is DENIED, Defendants' Rule 12(b)(1) Motion to Dismiss Amended Complaint for Lack of Subject-Matter

Jurisdiction [Doc. 61] is GRANTED, and Sandra D. Stargel and Selethia Pruitt's Motion to Intervene [Doc. 67] is DENIED. The Clerk is directed to ENTER JUDGMENT in favor of Defendants.

SO ORDERED, this 30 day of October, 2012.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE