IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **In re SunTrust Banks, Inc. 401(k) Plan Affiliated Funds ERISA Litigation** | **CIVIL ACTION FILE NO. 1:11-CV-784-ODE** |

**PLAINTIFFS' MOTION FOR RECONSIDERATION, IN PART, OF DECISION ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiffs, pursuant to Local Rule 7.2E, respectfully move this Court to reconsider its partial denial of Plaintiffs' Motion to Compel (Dkt. No. 132 ("Order")). Plaintiffs' motion is limited to the Court's decision regarding Plaintiffs' Request for Production 30, (Order at 6–7), which seeks reports pursuant to §15(c) of the Investment Company Act of 1940.

In explaining its denial of Plaintiffs' motion to compel production of these reports, the Court stated: "Defendants did not create the reports, which are required to be created under §15(c)…by an investment adviser to a mutual fund. Defendants are not mutual funds." (Order at 6–7). Respectfully, in so holding, the Court appears to have inadvertently overlooked the fact that RidgeWorth Capital Management, Inc. ("RidgeWorth"), the investment adviser to the SunTrust Affiliated Funds that are at issue in this case, is a

1

Defendant.  (*See* Dkt. No. 105, ¶37).  As the investment adviser to the Affiliated Funds, Ridgeworth would have to be the author of the §15(c) Reports of which Plaintiffs seek discovery.  Furthermore, Plaintiffs have alleged that RidgeWorth was a fiduciary to the SunTrust 401(k) Plan in providing investment advice, (Dkt. No. 105, ¶¶59-61), and there is no dispute that RidgeWorth employees routinely attended key fiduciary committee meetings (*id.* ¶59; Dkt. No 116, ¶59).

Accordingly, there will be minimal burden on Defendants in producing Defendant RidgeWorth's §15(c) Reports, and their relevance to assessing the extent of Defendant RidgeWorth's knowledge is self-evident.  Plaintiffs therefore respectfully ask this Court to reconsider its decision and grant Plaintiffs' request to compel the production of documents responsive to Request 30, which seeks "[a]ll reports pursuant to §15(c) of the Investment [Company] Act of 1940 for each of the Affiliated Funds" for the agreed discovery period (January 1, 2004 to December 31, 2012) (Dkt. No. 122-3 at 11).

By /s/   James A. Moore
James A. Moore (*admitted Pro Hac Vice*)
Brooke N. Edwards (*admitted Pro Hac Vice*)
**MCTIGUE LAW LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC  20016

Tel: (202) 364-6900
Fax: (202) 364-9960
jmoore@mctiguelaw.com
bedwards@mctiguelaw.com

Karen L. Handorf (admitted *Pro Hac Vice*)
Scott Lempert (admitted *Pro Hac Vice*)
**COHEN MILSTEIN SELLERS**
**& TOLL, PLLC**
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
khandorf@cohenmilstein.com
slempert@cohenmilstein.com

*Counsel for Plaintiffs*


By /s/   Alan R. Perry, Jr.

Alan R. Perry, Jr. (GA Bar #572508)
**PAGE PERRY**
1175 Peachtree St NE
100 Colony Square, Suite 1810
Atlanta, Georgia 30361
(P) 404-567-4400
(F)404-334-7213
aperry@pageperry.com

*Local Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that, on the date set for the below, the foregoing document was filed with the Court and served upon all counsel of record by the Court's ECF notification system.

Date: November 18, 2016

                                      /s/    James A. Moore