# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

_____

)

**IN RE SUNTRUST BANKS, INC.**   )    **CIVIL ACTION FILE**
**401(k) PLAN AFFILIATED**    )    **NO. 1:11-CV-784-ODE**
**FUNDS ERISA LITIGATION**   )

_____ )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS ARISING BEFORE MARCH 11, 2005

David Tetrick, Jr.
Georgia Bar No. 713653
dtetrick@kslaw.com
Darren A. Shuler
Georgia Bar No. 644276
dshuler@kslaw.com
Danielle Chattin
Georgia Bar No. 486940
dchattin@kslaw.com
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia 30309

Telephone: (404) 572-4600
Fax: (404) 572-5139

**Attorneys for Defendants**

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

COUNT II AND PLAINTIFFS' OTHER PRE-2005 CLAIMS DEPEND ON A 2011 ASSIGNMENT FROM THIRD PARTY MARY LEE TO EQUITABLY TOLL ERISA'S STATUTE OF REPOSE ..........................................................3

    A.    In 2006, Mary Lee Released Her Existing Claims Against Defendants and Agreed Not to Sue Them, Too. ..............................................3

    B.    Mary Lee's 2008 Administrative Claim and Her 2011 Assignment Violated Her Release. ...................................................................4

    C.    Plaintiffs Rely on Mary Lee's Improperly Assigned Claim to Assert Equitable Tolling of ERISA's Six-Year Statute of Repose. .....................5

LEGAL STANDARD .........................................................................................6

ARGUMENT .....................................................................................................7

I.    RECENT SUPREME COURT DECISIONS CONFIRM THAT ERISA'S SIX-YEAR STATUTE OF REPOSE IS NOT SUBJECT TO EQUITABLE TOLLING. ...........................................................................................8

    A.    Statutes of Repose May Not Be Equitably Tolled. ..........................10

    B.    *ANZ Securities* Confirms that Section 1113(1) Is a Statute of Repose. ......11

    C.    Section 1113's "Fraud or Concealment" Language Does Not Permit Equitable Tolling; to the Contrary, It Forecloses Equitable Tolling. .........11

II.    EVEN IF EQUITABLE TOLLING WERE POSSIBLE, PLAINTIFFS HAVE UNCLEAN HANDS .........................................................................15

    A.    Mary Lee Breached Her Release by Filing and Later Purporting to Assign Her Administrative Claim. ..........................................15

B.    As Assignees, Plaintiffs Stand in the Shoes of Mary Lee and Must Answer for Her Conduct. ..............................................................17

C.    Plaintiffs Should Not Benefit from Mary Lee's Breach of Her Severance Agreement. ...............................................................19

III.    WITHOUT EQUITABLE TOLLING, PLAINTIFFS' CLAIMS CAN ARISE NO EARLIER THAN MARCH 11, 2005........................................21

A.    Count II of the Second Amended Complaint Must Be Dismissed. ...........21

B.    All Claims Against Defendants Arrieta, Hoepner, and Spiegel Must Be Dismissed. ...........................................................................22

C.    Any Class Period in this Case Cannot Begin Earlier than March 11, 2005 ...................................................................................22

CONCLUSION .......................................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Pipe & Construction Co. v. Utah*,
    414 U.S. 538 (1974)........................................................................11

*Arce v. Garcia*,
    434 F.3d 1254 (11th Cir. 2006) ...........................................................7

*Bailey v. TitleMax of Ga., Inc.*,
    776 F.3d 797 (11th Cir. 2015) ............................................................20

*Bank of Am., N.A. v. Sorrell*,
    248 F. Supp. 2d 1196 (N.D. Ga. 2002)................................................7

*Bird v. Centennial Insurance Co.*,
    11 F.3d 228 (1st Cir. 1993)................................................................18

*Cal. Ret. Sys. v. ANZ Secs., Inc.*,
    137 S. Ct. 2042 (2017)..............................................................*passim*

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)............................................................................6

*Chaplin v. NationsCredit Corp.*,
    307 F.3d 368 (5th Cir. 2002) ............................................................16

*Chau Kieu Nguyen v. JP Morgan Chase Bank, NA*,
    709 F.3d 1342 (11th Cir. 2013) .........................................................18

*CTS Corp. v. Waldburger*,
    134 S. Ct. 2175 (2014)..................................................9, 10, 11, 14

*Dusek v. JPMorgan Chase & Co.*,
    832 F.3d 1243 (11th Cir. 2016) .........................................................10

*Franze v. Equitable Assururance*,
    296 F.3d 1250 (11th Cir. 2002) ....................................................... 23

*In re Galaz*,
    841 F.3d 316 (5th Cir. 2016) ..............................................................18

*In re Gilmore*,
    198 B.R. 686 (E.D. Tex. 1996) ...........................................................19

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*,
    209 F.3d 552 (6th Cir. 2000) ..............................................................19

*Hartford Fire Insurance Co. v. Mutual Savings & Loan Co.*,
    68 S.E.2d 541 (Va. 1952) ....................................................................18

*Healey v. Morgan*,
    219 S.E.2d 628 (Ga. Ct. App. 1975)....................................................18

*Hill v. Texaco, Inc.*,
    825 F.2d 333 (11th Cir. 1987) ......................................................10, 11

*Holmberg v. Ambrecht*,
    327 U.S. 392 (1946)............................................................................11

*Humes v. First Student, Inc.*,
    No. 1:15-CV-01861-BAM, 2016 WL 5939436 (E.D. Cal. Oct. 11,
    2016) ....................................................................................................23

*Justice v. United States*,
    6 F.3d 1474 (11th Cir. 1993) ................................................................7

*Kipperman v. Onex Corp.*,
    411 B.R. 805 (N.D. Ga. 2009)............................................................18

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350 (1991)........................................................................9, 10

*Lanfear v. Home Depot*,
    536 F.3d 1217 (11th Cir. 2008) ............................................................1

*Leber v. Citigroup 401(k) Plan Investment Committee*,
    -- F.R.D. --, 2017 WL 5664850 (S.D.N.Y. Nov. 27, 2017) .........12, 13

*Leigh v. Warner Bros., Inc.*,
   212 F.3d 1210 (11th Cir. 2000) ...................................................................6, 7

*Martin v. Morgan Drive Away, Inc.*,
   665 F.2d 598 (5th Cir. 1982) ...........................................................................18

*N.Y. Football Giants, Inc. v. L.A. Chargers Football Club, Inc.*,
   291 F.2d 471 (5th Cir. 1961) ...........................................................................19

*Piazza v. Ebsco Indus., Inc.*,
   273 F.3d 1341 (11th Cir. 2001) .......................................................................23

*Precision Instrument Manufacturing Co. v. Automotive Maintenance*
   *Machinery Co.*,
   324 U.S. 806 (1945).....................................................................................8, 15

*Rice v. Huff*,
   472 S.E.2d 140 (Ga. App. 1996) ......................................................................15

*Sampson v. Washington Mutual Bank*,
   453 F. App'x 863 (11th Cir. 2011) ...................................................................10

*Sealey v. Beazley Insurance Co.*,
   No. 3:15-cv-768, 2016 WL 4392624 (S.D. Miss. Aug. 16, 2016) ....................18

*Sec., U.S. Department of Labor v. Preston*,
   873 F.3d 877 (11th Cir. 2017) ..............................................................2, 12, 14

*Stargel v. SunTrust Banks, Inc.*,
   968 F. Supp. 2d 1215 (N.D. Ga. 2013).............................................................16

*In re SunTrust Banks, Inc. ERISA Litigigation*,
   No. 1:08-cv-3384-RWS, 2016 WL 4377131 (N.D. Ga. Aug. 17,
   2016) ................................................................................................................17

*Thomas v. United States*,
   No. 3-02-CV-1184-D, 2003 WL 21804267 (N.D. Tex. Mar. 14,
   2003) ................................................................................................................19

*Wagner v. Stiefel Laboratories, Inc.*,
  No. 1:12-CV-3234-MHC, 2015 WL 4557686 (N.D. Ga. June 18,
  2015) ................................................................................................16

**Statutes**

15 U.S.C. § 77m...........................................................................................11

29 U.S.C. § 1113 ...................................................................................*passim*

**Other Authorities**

6 Am. Jur. 2d, *Assignments* (2017) ..........................................................18

54 *C.J.S.*, *Limitations of Actions* (2010) ....................................................9

Federal Rule of Civil Procedure 23 ..........................................................22

Federal Rule of Civil Procedure 56 ............................................................6

Restatement (Second) Conflict of Laws ...................................................18

## **INTRODUCTION**

Under ERISA's statute of repose, a plaintiff may not bring a claim for breach of fiduciary duty more than six years after the alleged breach occurred.[1] Plaintiffs allege in this putative ERISA class action that fiduciaries of SunTrust Banks, Inc.'s 401(k) Plan (the "Plan") breached their fiduciary duties by offering Plan participants mutual funds that were managed by SunTrust affiliates. Although ERISA contains a six-year repose period for such claims, Plaintiffs' purported class period begins on April 10, 2004—six years and 336 days before Plaintiffs filed their initial complaint.  Plaintiffs maintain they are entitled to equitable tolling for these extra 336 days because that is how long it took someone else to exhaust the Plan's administrative remedies, a prerequisite to filing this case under Eleventh Circuit law.[2]  But controlling legal authority and the undisputed facts of this case establish that Plaintiffs are not entitled to equitable tolling, for at least two reasons.

First, the Supreme Court recently reaffirmed that statutes of repose are not subject to equitable tolling and identified  ERISA § 413(1), 29 U.S.C. § 1113(1), as

---

[1] 29 U.S.C. § 1113(1); The Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 *et seq.*

[2] *See Lanfear v. Home Depot*, 536 F.3d 1217, 1224 (11th Cir. 2008).

containing a "six year statute of repose."[3]   The Eleventh Circuit subsequently concurred and reiterated that Section 1113(1) is "indeed a statute of repose, and not a mere statute of limitations."[4]   And second, even if equitable tolling did somehow nevertheless apply to ERISA's six-year repose period, Plaintiffs would not be entitled to use it because the individual who actually pursued administrative remedies in this case—third-party Mary Lee—released her claims against Defendants in 2006.   Her subsequent filing of an administrative claim in 2008 and her purported assignment of that claim to Plaintiffs in 2011 were both in breach of her release.   Mary Lee thus does not have the "clean hands" needed to seek equitable tolling, and neither do Plaintiffs as her assignees.

Accordingly, the earliest date by which claims in this case must have arisen is March 11, 2005, which was six years before Plaintiff Barbara Fuller filed her initial complaint.   There can be no genuine dispute that Count II of the Second Amended Complaint—which is based on conduct that occurred before March 11, 2005—is time barred and should be dismissed.   Similarly, the claims against Defendants Arrieta, Hoepner, and Spiegel—whose involvement with the Plan ended before March 11, 2005—are also time barred and should also be dismissed.

---

[3] *Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2050 (2017).
[4] *Sec., U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 883 (11th Cir. 2017).

**COUNT II AND PLAINTIFFS' OTHER PRE-2005 CLAIMS DEPEND ON A 2011 ASSIGNMENT FROM THIRD PARTY MARY LEE TO EQUITABLY TOLL ERISA'S STATUTE OF REPOSE**

### A.   In 2006, Mary Lee Released Her Existing Claims Against Defendants and Agreed Not to Sue Them, Too.

Mary Lee is a former SunTrust employee whose job was eliminated August 30, 2006.[5]  On May 23, 2006, Ms. Lee signed a severance agreement and release (the "Release") documenting the terms of her separation from SunTrust.[6]  The Release states that Ms. Lee agreed to its terms "on a knowing and voluntary basis."[7]  In consideration for signing the Release, Ms. Lee received certain severance benefits, including nearly $9,000 in severance pay.[8]

The Release includes a general release and covenant not to sue.[9]  Under the former, Ms. Lee agreed "to forever release SunTrust, including its officers, directors, employees, agents, affiliates and successors, from any and all claims, charges, actions, arbitrations, demands, damages or expenses (collectively 'Claims')—past or present—I may have that arise or arose out of my employment with SunTrust or the conclusion of my employment, whether I know of any of

---

[5] Statement of Undisputed Material Facts ("56.1 Stmt.") ¶ 1.

[6] *Id.* ¶ 2.

[7] *Id.* ¶ 6.

[8] *Id.* ¶ 2.

[9] *Id.* ¶¶ 3–5.

these Claims now or learn of them at a later date."[10]   The covenant not to sue is also broad:  "I covenant not to hereafter sue or to authorize anyone else to file a lawsuit on my behalf against SunTrust and not to become a member of any class suing SunTrust."[11]

### B.  Mary Lee's 2008 Administrative Claim and Her 2011 Assignment Violated Her Release.

On April 24, 2008—less than two years after she signed the Release—Ms. Lee, through her attorneys, submitted an administrative claim to the SunTrust 401(k) Plan Administrator.[12]   Ms. Lee alleged that fiduciaries of the SunTrust 401(k) Plan had violated their ERISA duties by offering STI Classic mutual funds in the Plan's investment menu.[13]   Representatives of the SunTrust Plan Committee denied Ms. Lee's claim on August 29, 2008,[14] and denied her appeal on March 26, 2009.[15]   In total, Ms. Lee's administrative claim took 336 days to resolve.

On March 12, 2011, Ms. Lee signed a document titled "Assignment of 401(k) Plan Claim" that purported to assign the claim she had pursued through the

---

[10] *Id.* ¶ 3.

[11] *Id.* ¶ 4.

[12] *Id.* ¶ 11.  Plaintiffs acknowledge that their present counsel include "[s]ome of the attorneys who represented" Ms. Lee.  Exhibit 8 (Second Amended Consol. Compl.) ¶ 85 n.10.

[13] 56.1 Stmt. ¶ 11.

[14] *Id.* ¶ 12.

[15] *Id.* ¶ 14.

Plan's administrative process.[16]  The document stated that Ms. Lee was no longer able to actively participate in litigation "[d]ue to health reasons," and further stated:

> I assign rights and interests I may have in the Claim, including rights to further litigation of the Claim, to Mrs[.] Barbara J. Fuller, and to any other individuals who Mrs. Fuller, and my attorneys, J. Brian McTigue and McTigue & Veis LLP, may include as named plaintiffs in any further litigation of the claim.[17]

## C.  Plaintiffs Rely on Mary Lee's Improperly Assigned Claim to Assert Equitable Tolling of ERISA's Six-Year Statute of Repose.

On March 11, 2011, Barbara Fuller filed the present putative class action against Defendants.[18]   Ms. Fuller's complaint contained a section titled "Exhaustion of Administrative Remedies and Tolling of the Statute of Limitations," which alleged that Mary Lee had submitted a claim on behalf of the class to the 401(k) Plan Administrator.[19]   The complaint further alleged that Ms. Fuller was "entitled to a tolling of the statute of limitations during the time the administrative class claim, including the appeal, was pending."[20]

---

[16] *Id.* ¶ 16.

[17] *Id.* ¶¶ 17–18.

[18] *Id.* ¶ 20.

[19] *Id.* ¶ 21.  The complaint did not, however, mention Ms. Lee's purported assignment.  *See* Exhibit 4 (Mar. 11, 2011 Compl.) ¶¶ 73–78.  Nor did it disclose that Ms. Lee had released her claims against Defendants and agreed not to sue them.

[20] 56.1 Stmt. ¶ 21.

The Court consolidated Ms. Fuller's lawsuit with two related matters in 2016.[21]   Following consolidation, Plaintiffs filed a First Amended Consolidated Class Action Complaint.  That complaint alleged that Mary Lee had assigned her administrative claim to Plaintiffs and that Plaintiffs were entitled to equitable tolling for the time during which her claim was pending.[22]   Plaintiffs repeat the same allegations in their Second Amended Consolidated Class Action Complaint ("Second Amended Complaint"), filed December 15, 2017.[23]   Plaintiffs purport to pursue claims during a period that begins on April 10, 2004—six years and 336 days prior to the initial filing of Barbara Fuller's complaint.[24]

## LEGAL STANDARD

Summary judgment is appropriate when a court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[25]   The moving party bears the burden of establishing the absence of a triable fact issue.[26]   The burden then shifts to the non-moving party, who must offer specific facts showing genuine issues exist for trial.[27]   "[A]n issue is not

---

[21] *Id.* ¶ 25.

[22] *Id.* ¶¶ 26–30.

[23] *Id.* ¶¶ 32–37.

[24] *Id.* ¶ 33.

[25] Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).

[26] *See Celotex*, 477 U.S. at 330.

[27] *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

genuine if it is unsupported by evidence or if it is created by evidence that is 'merely colorable' or is 'not significantly probative.'"[28]  Moreover, "conclusory allegations without specific supporting facts have no probative value."[29]

## ARGUMENT

Count II and Plaintiffs' other pre–March 11, 2005 claims require equitable tolling of Section 1113(1) to be viable.  "The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims."[30]  It is "an extraordinary remedy which should be extended only sparingly."[31]  Here, equitable tolling is unavailable to Plaintiffs for two independent reasons.

First, equitable tolling is unavailable as a matter of law.  Since this case was consolidated in 2016, both the Supreme Court and the Eleventh Circuit have recognized the six-year time limit in Section 1113(1) as a statute of repose. Supreme Court precedent establishes that statutes of repose may not be equitably tolled.

---

[28] *Bank of Am., N.A. v. Sorrell*, 248 F. Supp. 2d 1196, 1198 (N.D. Ga. 2002) (citation omitted).

[29] *Leigh*, 212 F.3d at 1217 (citation omitted).

[30] *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (citing *Justice v. United States*, 6 F.3d 1474, 1475 (11th Cir. 1993)).

[31] *Id.* (quoting *Justice*, 6 F.3d at 1479).

Second, even if equitable tolling were available as a matter of law, it would not be available to Plaintiffs as a matter of equity.  It is fundamental that "[s]he who comes into equity must come with clean hands."[32]  There is no genuine dispute that Mary Lee violated her Release when she brought her administrative claim in 2008 and later purported to assign her rights to pursue that claim to Plaintiffs.  Equity does not allow Plaintiffs to benefit from this breach of duty by their assignor.

The class period in this case thus cannot begin any earlier than March 11, 2005, which is six years prior to Barbara Fuller's first complaint.  Any claims based on conduct before that date—including Count II of the Second Amended Complaint and the claims against Defendants Arrieta, Hoepner, and Spiegel—must be dismissed as a matter of law.

## I.    RECENT SUPREME COURT DECISIONS CONFIRM THAT ERISA'S SIX-YEAR STATUTE OF REPOSE IS NOT SUBJECT TO EQUITABLE TOLLING.

"[S]tatutory time bars can be divided into two categories:  statutes of limitations and statutes of repose."[33]  Statutes of limitations are designed to encourage plaintiffs to pursue their claims diligently, and thus begin to run when a

---

[32] *Precision Instrument Mfg. Co. v. Auto. Maint. Machinery Co.*, 324 U.S. 806, 814 (1945).
[33] *ANZ Secs.*, 137 S. Ct. at 2049.

claim "accrues," which typically means when injury is discovered.[34]   Statutes of repose, by contrast, "effect a legislative judgment that a defendant should 'be free from liability after the legislatively determined period of time.'"[35]   A repose provision is "equivalent to 'a cutoff,' in essence an 'absolute . . . bar' on a defendant's temporal liability."[36]

29 U.S.C. § 1113 contains both a three-year statute of limitation and a six-year statute of repose:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this party, or with respect to a violation of this part, after the earlier of—
>
>> (1)  six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation; or
>>
>> (2)  three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.[37]

---

[34] *Id.*

[35] *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) (quoting 54 *C.J.S.*, *Limitations of Actions* § 7, at 24 (2010)).

[36] *Id.* (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991); 54 *C.J.S.* § 7, at 24).

[37] 29 U.S.C. § 1113.

Section 1113 reflects a policy choice to give ERISA fiduciaries certainty that they will not be held liable for events that occurred more than six years in the past. The only exception to this policy is in cases "of fraud or concealment."  The statute otherwise gives no indication that courts should extend ERISA's six-year limit. And as explained below, equitable tolling cannot override this policy choice.

### A.   Statutes of Repose May Not Be Equitably Tolled.

Both the Supreme Court and the Eleventh Circuit have held repeatedly that statutes of repose are not subject to equitable tolling.[38]  This rule is broad and categorical.  Unlike a statute of limitations, a statute of repose "puts an outer limit on the right to bring a civil action."[39]  Statutes of repose may not be extended "for any reason," "even in cases of extraordinary circumstances."[40]

This broad rule arises from the principle that courts may not apply a judicially created doctrine like equitable tolling "in the face of contrary congressional intent."[41]  Statutes of repose reflect precisely such a contrary intent—namely, a legislative judgment "that defendants should be free from

---

[38] *See Waldburger*, 134 S. Ct. at 2183; *Lampf*, 501 U.S. at 363; *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1249 (11th Cir. 2016); *Sampson v. Wash. Mut. Bank*, 453 F. App'x 863, 865 n.3 (11th Cir. 2011).

[39] *Waldburger*, 134 S. Ct. at 2182 (holding that discovery provision in federal statute preempted state statutes of limitation, but not state statutes of repose).

[40] *Waldburger*, 134 S. Ct. at 2182–83.

[41] *Hill v. Texaco, Inc.*, 825 F.2d 333, 334 (11th Cir. 1987).

liability after the legislatively determined period of time."[42]  This clearly expressed intent controls.  "If Congress explicitly puts a limit upon the time for enforcing a right which it enacted, there is an end to the matter."[43]

The Supreme Court recently reiterated these principles in *California Public Employees' Retirement System v. ANZ Securities, Inc.*[44]  There, the Court held that equitable tolling for class action members under *American Pipe & Construction Co. v. Utah*[45] was not available to extend the Securities Act's three-year statute of repose.[46]  Consistent with previous decisions, the Court explained that the "purpose and effect of a statute of repose . . . is to override customary tolling rules arising from the equitable powers of courts."[47]  Accordingly, "the Court repeatedly has stated in broad terms that statutes of repose are not subject to equitable tolling."[48]

**B.    *ANZ Securities* Confirms that Section 1113(1) Is a Statute of Repose.**

In addition to reaffirming that statutes of repose cannot be equitably tolled, *ANZ Securities* cited Section 1113(1) as an example of a "statute of repose."[49]

---

[42] *Waldburger*, 134 S. Ct. at 2183 (citation omitted).

[43] *Hill*, 825 F.2d at 335 (quoting *Holmberg v. Ambrecht*, 327 U.S. 392, 395 (1946)).

[44] 137 S. Ct. 2042 (2017).

[45] 414 U.S. 538 (1974).

[46] 137 S. Ct. at 2055 (citing 15 U.S.C. § 77m).

[47] *Id.* at 2051.

[48] *Id.* at 2052.

[49] *Id.* at 2050 (citing 29 U.S.C. § 1113).

Moreover, the Court's reasoning in *ANZ Securities* (concluding that Section 13 of the Securities Act is a statute of repose) applies with equal force to Section 1113(1).  The Court noted in *ANZ Securities* that the time limit in Section 13 of the Securities Act ran from the defendant's last culpable act, not accrual of the claim, which was "close to a dispositive indication that the statute is one of repose."[50] The Court also noted that Section 13 possessed the "common feature" of "pairing a shorter statute of limitations and a longer statute of repose."[51]  Section 1113 likewise possesses both these characteristics:  its six-year time period runs from "the last action which constituted a part of the breach or violation," and is accompanied by a shorter three-year limitations period.[52]

The Eleventh Circuit has since recognized Section 1113(1) as a "statute of repose."[53]  Likewise, in *Leber v. Citigroup 401(k) Plan Investment Committee*, the Southern District of New York held that *ANZ Securities* required reversal of a previous ruling that had allowed a plaintiff in a putative ERISA class action to

---

[50] *Id.* at 2049.
[51] *Id.*
[52] 29 U.S.C. § 1113.
[53] *Preston*, 873 F.3d at 879.

12

equitably toll Section 1113(1).[54]   The *Leber* court explained that *ANZ Securities* "clarified that 29 U.S.C. § 1113(1) was a statute of repose."[55]

### C.   Section 1113's "Fraud or Concealment" Language Does Not Permit Equitable Tolling; to the Contrary, It Forecloses Equitable Tolling.

In *ANZ Securities*, the Supreme Court noted Section 1113's "express exception" to the 6-year "statutory [repose] period" in the "case of fraud [or concealment]."[56]   But, as the Court explained, Congress's determination to impose a statutory repose period—even one with an express exception—"supersedes the courts' residual authority and forecloses the extension of the statutory [repose] period based on equitable principles."[57]   In other words, there is a meaningful difference between a *statutory* tolling exception, which is based on an expressed congressional "intent to alter the operation of the statutory period," [58] and *equitable* tolling.   Thus, Section 1113's tolling provision for cases "of fraud or concealment" (neither of which is alleged here as a basis to extend the six-year repose period)

---

[54] -- F.R.D. --, 2017 WL 5664850, at *5 (S.D.N.Y. Nov. 27, 2017).

[55] *Id.*

[56] 137 S. Ct. at 2050; *see* 29 U.S.C. § 1113 ("in the case of fraud or concealment," an action for breach of fiduciary duty may be brought "six years after the date of discovery of such breach or violation").

[57] *ANZ Securities,* 137 S. Ct. at 2051.

[58] *Id.* at 2050.

does not open Section 1113(1) to the equitable tolling that Plaintiffs seek, and in fact, forecloses it.

The Eleventh Circuit's recent decision in *Secretary, U.S. Department of Labor v. Preston*[59] does not alter this conclusion. *Preston* held that an ERISA fiduciary could *waive* the six-year repose period through an express tolling agreement.[60] In the course of rejecting the defendants' arguments to the contrary, the court emphasized the importance of statutes of repose, which it colorfully described as a "privilege of sorts, in the form of an immunity from further liability" that "can't just be snatched out of the defendant's hand . . . by a squishy doctrine like equitable tolling."[61] Even so, as the court said, the *Preston* case "had nothing to do with equitable tolling."[62] To the extent the *Preston* opinion nevertheless goes on to question (without deciding) whether Section 1113 might "even plausibly" be subject to equitable tolling,[63] the Supreme Court has already conclusively answered in *Waldburger* and *ANZ Securities* that statutes of repose like Section 1113(1) are *not* subject to equitable tolling.

---

[59] 873 F.3d 877 (11th Cir. 2017).

[60] *Id.* at 887.

[61] *Id.* at 884.

[62] *Id.*

[63] *Id.* at 885.

14

*ANZ Securities* and other decisions have made clear that Plaintiffs may not, as a matter of law, equitably toll Section 1113(1). The Court should grant summary judgment on Count II and Plaintiffs' other pre–March 11, 2005 claims on this basis alone.

## II. EVEN IF EQUITABLE TOLLING WERE POSSIBLE, PLAINTIFFS HAVE UNCLEAN HANDS.

Even if equitable tolling of Section 1113 were somehow allowed, it would nonetheless be inappropriate. Fundamentally, she "who comes into equity must come with clean hands."[64] There is no genuine dispute that the basis of Plaintiffs' claim to equitable tolling—Mary Lee's administrative claim—was brought in breach her release. Plaintiffs, as Ms. Lee's assignees, must answer for her conduct, and cannot employ this Court's equitable powers to benefit from it.

### A. Mary Lee Breached Her Release by Filing and Later Purporting to Assign Her Administrative Claim.

The scope of Mary Lee's release is a question of law for this Court. Under Georgia law, which governs the release,[65] "[w]here the terms of a written release contract are clear and unambiguous, the court will look to the release contract alone to find the intention of the parties."[66]

---

[64] *Precision Instrument Mfg. Co.*, 324 U.S. at 814.
[65] *See* Exhibit A to P. Wiggins Decl. (Exhibit 1) (Severance Agreement) ¶ 6(b).
[66] *Rice v. Huff*, 472 S.E.2d 140, 142 (Ga. App. 1996) (internal quotation omitted).

The terms of Ms. Lee's release are clear and unambiguous.  Ms. Lee agreed to "forever release SunTrust, including its officers, directors, employees, agents, affiliates and successors, from any and all claims, charges, actions, arbitrations, demands, damages or expenses . . . past or present . . . that arise or arose out of my employment with SunTrust . . . whether I know of any of these Claims now or learn of them at a later date."[67]   Ms. Lee's claims are thus covered within the general release, and "ERISA claims [do] not have to be separately negotiated or supported by separate consideration," nor must the release "specifically mention a waiver of ERISA claims."[68]

This Court has previously ruled that a substantially similar release barred another named Plaintiff, Sandra Stargel, from proceeding against Defendants.  The Court determined that the terms of Stargel's release were "simply unambiguous— Stargel cannot institute or join in the action before the Court."[69]   Moreover, Judge Story of this Court has ruled that another release substantially similar to Ms. Lee's barred signatories from serving as class representatives in an ERISA class action

---

[67] Exhibit A to P. Wiggins Decl. (Exhibit 1) (Severance Agreement) ¶ 4.

[68] *Wagner v. Stiefel Labs., Inc.*, No. 1:12-CV-3234-MHC, 2015 WL 4557686, at *10 (N.D. Ga. June 18, 2015); *see also Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 373 (5th Cir. 2002) ("a general release of 'any and all' claims applies to all possible causes of action," including ERISA claims).

[69] *Stargel v. SunTrust Banks, Inc.*, 968 F. Supp. 2d 1215, 1224 (N.D. Ga. 2013), *vacated and remanded on other grounds*, 791 F.3d 1309 (11th Cir. 2015).

regarding SunTrust's employee stock fund.[70]  Judge Story also concluded that the covenant not to sue signed by those plaintiffs—the same covenant signed by Ms. Lee—barred them from participating in the action.[71]

Mary Lee accordingly released all ERISA claims that arose before she signed the Release on May 23, 2006.[72]  Her administrative claim, which included claims for alleged fiduciary breaches that occurred prior to May 2006,[73] was thus in breach of that agreement.  Mary Lee's purported assignment of that claim to Plaintiffs—which by its own terms assigned "rights to further litigation of the Claim"[74]—was in clear breach of her covenant "not to hereafter sue *or to authorize anyone else to file a lawsuit on my behalf* against SunTrust."[75]

## B.   As Assignees, Plaintiffs Stand in the Shoes of Mary Lee and Must Answer for Her Conduct.

As assignees of Mary Lee's administrative claim, Plaintiffs took whatever rights Mary Lee possessed, and nothing more.  The scope and validity of Ms. Lee's

---

[70] *See In re SunTrust Banks, Inc. ERISA Litig.*, No. 1:08-cv-3384-RWS, 2016 WL 4377131, at *3 (N.D. Ga. Aug. 17, 2016).

[71] *See id.* at *2.

[72] Exhibit A to P. Wiggins Decl. (Exhibit 1) (Severance Agreement) ¶ 4.

[73] *See, e.g.*, Exhibit C to J. Lombard Decl. (Exhibit 2) (Nov. 26, 2008 Administrative Appeal) at 3–4 (discussing activities from 2000 to 2005).

[74] *See* 56.1 Stmt. ¶ 18.

[75] Exhibit A to P. Wiggins Decl. (Exhibit 1) (Severance Agreement) ¶ 4 (emphasis added).

17

assignment is a question of Virginia law.[76]  It is well accepted in Virginia, Georgia, and elsewhere that "[a]n assignee of a nonnegotiable chose in action generally acquires no greater right than was possessed by the assignor, and simply stands in the shoes of the assignor."[77]  Assignees thus take an assigned interest "subject to the legal and equitable defenses that existed at the time of the assignment,"[78] and are subject to legal and equitable defenses arising from the prior acts of the assignor.[79]

---

[76] *See Martin v. Morgan Drive Away, Inc.*, 665 F.2d 598, 604–05 (5th Cir. 1982) (looking to state law to determine enforceability of agreement to assign federal antitrust claims).  Under the Second Restatement of Conflict of Laws—which the Eleventh Circuit follows in federal question cases—Virginia law governs because Virginia has the most significant relationship to the assignment, which was executed in Virginia and names two Virginia residents (Ms. Lee and Ms. Fuller). *See Chau Kieu Nguyen v. JP Morgan Chase Bank, NA*, 709 F.3d 1342, 1345 (11th Cir. 2013) (following Second Restatement); Restatement (Second) Conflict of Laws § 209.

[77] 6 Am. Jur. 2d, *Assignments*, § 108 (2017); *see also Hartford Fire Ins. Co. v. Mut. Savs. & Loan Co.*, 68 S.E.2d 541, 546 (Va. 1952); *Healey v. Morgan*, 219 S.E.2d 628, 629 (Ga. Ct. App. 1975); *Kipperman v. Onex Corp.*, 411 B.R. 805, 830 (N.D. Ga. 2009).

[78] *In re Galaz*, 841 F.3d 316, 326 (5th Cir. 2016) (assigned claims "barred by res judicata, compromise and settlement, and accord and satisfaction").

[79] *See Sealey v. Beazley Ins. Co.*, No. 3:15-cv-768, 2016 WL 4392624, at **1–2 (S.D. Miss. Aug. 16, 2016) (granting motion to dismiss because assignee "stepped into" assignors' shoes and was thus "barred from pursuing any claims that [assignors] released" prior to the assignment); *see also Bird v. Centennial Ins. Co.*, 11 F.3d 228, 235 (1st Cir. 1993) ("As we have stated, plaintiff's estoppel argument is doomed by the fact that, as an assignee, plaintiff is subject to defendant's unclean hands defense.").

Plaintiffs, as assignees of Ms. Lee, are thus subject to any equitable defenses to which Ms. Lee would have been subject.  A contrary holding would effectively grant Plaintiffs greater rights with respect to Mary Lee's administrative claim than Ms. Lee possessed herself.

### C.    Plaintiffs Should Not Benefit from Mary Lee's Breach of Her Severance Agreement.

Mary Lee's violation of her release and covenant not to sue has given Plaintiffs unclean hands with respect to their claimed entitlement to equitable tolling.  The doctrine of unclean hands may apply to "[a]ny willful act concerning the cause of action which rightfully can be said to transgress equitable standards of conduct."[80]  Conduct creating unclean hands "need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character."[81]  Federal courts have applied the doctrine to deny equitable tolling of federal statutes.[82]  "To assert an unclean hands defense, a defendant must show

---

[80] *N.Y. Football Giants, Inc. v. L.A. Chargers Football Club, Inc.*, 291 F.2d 471, 474 (5th Cir. 1961).

[81] *Id.*

[82] *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 562 (6th Cir. 2000); *Thomas v. United States*, No. 3-02-CV-1184-D, 2003 WL 21804267, at *2 (N.D. Tex. Mar. 14, 2003); *In re Gilmore*, 198 B.R. 686, 690 (E.D. Tex. 1996) *on reconsideration in part* No. 92-60884, 1996 WL 1056889 (E.D. Tex. May 9, 1996).

that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing."[83]

Both requirements are satisfied here. First, Mary Lee's violation of her Release is directly related to Plaintiffs' claim to equitable tolling. The conduct of Ms. Lee that breached the Release—filing an administrative claim and later purporting to assign that claim—is the very basis of Plaintiffs' claim to equitable tolling. Second, Ms. Lee's violation of the Release has personally harmed Defendants by exposing them to litigation and potential liability to which they should not have been subjected. Both Ms. Lee's administrative claim and this litigation purport to include the pre–May 23, 2006 claims that Ms. Lee unambiguously released.[84] And allowing equitable tolling for the 336 days that Ms. Lee's claim was being exhausted would only compound the harm to Defendants, as it would expose them to nearly a year of additional liability beyond the six-year repose period provided in Section 1113(1).

There can be no dispute that Mary Lee released her pre–May, 23, 2006 claims against Defendants and covenanted not to "sue or to authorize anyone else to file a lawsuit" against SunTrust. Nor can there be any dispute that Ms. Lee

---

[83] *Bailey v. TitleMax of Ga., Inc.*, 776 F.3d 797, 801 (11th Cir. 2015).

[84] *See* Exhibit C to J. Lombard Decl. (Exhibit 2) (Nov. 26, 2008 Administrative Appeal) at 3–4; Exhibit 8 (Second Amended Complaint).

nevertheless brought and then purported to assign claims that she did not possess. Even if equitable tolling were available under Section 1113, the Court should not use its equitable powers to transform Ms. Lee's inequitable conduct into a basis for permitting Count II and the other pre–March 2005 claims to proceed, nor for extending the class period in this case.

## III.   WITHOUT EQUITABLE TOLLING, PLAINTIFFS' CLAIMS CAN ARISE NO EARLIER THAN MARCH 11, 2005.

### A.   Count II of the Second Amended Complaint Must Be Dismissed.

Count II alleges that Defendants on the SunTrust Benefits Plan Committee breached their fiduciary duties by selecting the STI Classic International Equity Index Fund as an investment option for the Plan.[85]   However, the Second Amended Complaint makes clear that the decision to select this fund occurred in 2004,[86] and that the Plan was offering the fund by the beginning of 2005.[87]   Because none of the relevant conduct in Count II of the Second Amended Complaint took place after March 11, 2005, the Court should dismiss it in its entirety.

---

[85] Exhibit 8 (Second Amended Complaint) ¶¶ 94–101.
[86] *Id.* ¶ 97.
[87] *Id.* ¶ 95; *see also* 56.1 Stmt. ¶ 44.

**B.      All Claims Against Defendants Arrieta, Hoepner, and Spiegel Must Be Dismissed.**

Section 1113(1) also requires the dismissal of several Defendants whose involvement with the Plan ended before that date:

- Jorge Arrieta.   The Second Amended Complaint alleges that Defendant Arrieta "was a member of the Plan Committee from November 2002 through July 2004."   There is no allegation or evidence that Mr. Arrieta had any involvement with the 401(k) Plan on or after March 11, 2005.[88]

- Ted Hoepner.   The Second Amended Complaint alleges that Defendant Hoepner "was a member of the Plan Committee and served as chairman from at least February 2000 through November 2004."   There is no allegation or evidence that Mr. Hoepner had any involvement with the 401(k) Plan on or after March 11, 2005.[89]

- John Spiegel.   The Second Amended Complaint alleges that Defendant Spiegel "was a member of the Plan Committee from at least April 1996 through June 2004."   There is no allegation or evidence that Mr. Spiegel had any involvement with the 401(k) Plan on or after March 11, 2005.[90]

**C.      Any Class Period in this Case Cannot Begin Earlier than March 11, 2005.**

For the same reasons it requires dismissal of Count II and the claims against Arrieta, Hoepner, and Spiegel, Section 1113(1) requires dismissal of all other claims in the Second Amended Complaint that arose prior to March 11, 2005. Plaintiffs are time-barred from bringing any claim for breach of fiduciary duty that arose before March 11, 2005.  As a consequence, Plaintiffs cannot under Federal

---

[88] 56.1 Stmt. ¶¶ 38–39; Exhibit 8 (Second Amended Complaint) ¶ 31.A.
[89] 56.1 Stmt. ¶¶ 40–41; Exhibit 8 (Second Amended Complaint) ¶ 31.E.
[90] 56.1 Stmt. ¶¶ 42–43; Exhibit 8 (Second Amended Complaint) ¶ 31.N.

Rule of Civil Procedure 23 represent a class including claims from before that date.[91]

Indeed, *no* putative class member can bring a claim for any alleged breach of fiduciary duty that occurred prior to March 11, 2005. As explained above, Section 1113(1)'s six-year repose period has extinguished Defendants' liability for such claims. Given that these pre–March 11, 2005 claims are irrevocably foreclosed to both named Plaintiffs and the putative class, the Court should further rule that any class period in this case can begin no earlier than March 11, 2005.[92]

## CONCLUSION

That can be no genuine dispute that Plaintiffs' claim to equitable tolling of the six-year statute of repose contained in 29 U.S.C. § 1113(1) is foreclosed as a matter of both law and equity. Accordingly, this Court should dismiss Count II and all claims against Arrieta, Hoepner, and Spiegel because each is based on conduct that took place more than six years before Barbara Fuller's March 11,

---

[91] *See Franze v. Equitable Assur.*, 296 F.3d 1250, 1254 (11th Cir. 2002) ("[A] class representative whose claim is time-barred cannot assert the claim on behalf of the class.") (quoting *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347  (11th Cir. 2001)).

[92] *See Humes v. First Student, Inc.*, No. 1:15-CV-01861-BAM, 2016 WL 5939436, at *6 (E.D. Cal. Oct. 11, 2016) (granting partial motion for summary judgment to limit proposed class period on limitations grounds).

2011 complaint.  Additionally, the Court should rule that any class period in this case may not begin earlier than March 11, 2005.

Dated: January 12, 2018

<div style="margin-left: 40%;">

*/s/ Darren Shuler*
David Tetrick, Jr.
Georgia Bar No. 713653
dtetrick@kslaw.com
Darren A. Shuler
Georgia Bar No. 644276
dshuler@kslaw.com
Danielle Chattin
Georgia Bar No. 486940
dchattin@kslaw.com
King & Spalding LLP
1180 Peachtree Street
Atlanta, Georgia  30309

Telephone:  (404) 572-4600
Fax:  (404) 572-5139

**Attorneys for Defendants**

</div>

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1D, the undersigned certifies that the foregoing complies with the font and point selections permitted by L.R. 5.1B.  This Memorandum was prepared on a computer using the Times New Roman font (14 point).

Respectfully submitted, this 12th day of January 2018.


*/s/  Darren Shuler*
Darren A. Shuler
Georgia Bar No. 64427

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____     )
                                )
**IN RE SUNTRUST BANKS, INC.**  )     **CIVIL ACTION FILE**
**401(k) PLAN AFFILIATED**      )     **NO. 1:11-CV-784-ODE**
**FUNDS ERISA LITIGATION**      )
_____     )

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy to the following attorneys of record:

Alan R. Perry, Jr.                    J. Brian McTigue
**PAGE PERRY**                        James A. Moore
1493 LaVista Rd NE                    **MCTIGUE LAW LLP**
Atlanta, Georgia  30324               4530 Wisconsin Avenue, NW
aperry@pageperry.com                  Suite 300
                                      Washington, DC 20016
                                      bmctigue@mctiguelaw.com
                                      jmoore@mctiguelaw.com

Karen L. Handorf
Scott Michael Lempert
**COHEN MILSTEIN SELLERS**
**   & TOLL PLLC**
1100 New York Avenue, Suite 500 West
Washington, DC 20005
khandorf@cohenmilstein.com
slempert@cohenmilstein.com

                                      */s/ Darren A. Shuler*
                                      Georgia Bar No. 644276