FILED IN CHAMBERS
U.S.D.C. Atlanta
MAR 18 2020
JAMES N. HATTEN, Clerk
By: ⸻ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| In re SunTrust Banks, Inc. 401(k) Plan Affiliated Funds ERISA Litigation | CIVIL ACTION FILE NO. 1:11-CV-784-ODE |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Currently before the Court for preliminary approval is a settlement (the "Settlement") of this class action ("Action") asserting claims for alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 10001 *et seq.*, with respect to the SunTrust Banks, Inc. 401(k) Plan ("Plan"). The Plaintiffs/Class Representatives (hereinafter "Class Representatives") allege that Defendants violated their ERISA duties through their management, operation and administration of the Plan. Defendants deny the allegations, claims and contentions of the Class Representatives.

The terms of the Settlement are set forth in a Class Action Settlement Agreement ("Settlement Agreement") executed by the parties and their counsel on March 11, 2020. The Court has considered the proposed Settlement. For purposes

of this Order, if not defined herein, capitalized terms have the definitions used in the Settlement Agreement, which is incorporated herein by reference.

The Court previously certified eight separate classes on June 27, 2018. Fuller v. SunTrust Banks, Inc., No. 1:11-CV-784-ODE, 2018 WL 3949698 (N.D. Ga. June 27, 2018). Pursuant to Plaintiffs' Motion for Preliminary Approval, and having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Class.

2. **Class Certification:** The previously certified classes ("Class") are non-opt-out classes under Federal Rules of Civil Procedure 23(a) and 23(b)(1) and defined and appointed Named Plaintiffs as Class Representatives as follows:

> (1) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Capital Appreciation Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.
>
> Class one represented by Plaintiffs Jefferson, Kennedy, and Williams
>
> (2) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Small Cap Growth Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.
>
> Class two represented by Plaintiffs Jefferson, Kennedy, and

Williams

(3) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Growth and Income Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.

Class three represented by Plaintiffs Kennedy, Williams, and Fuller

4) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Mid-Cap Equity Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.

Class four represented by Plaintiffs Jefferson, Kennedy, and Williams

5) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Investment Grade Bond Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.

Class five represented by Plaintiffs Pruitt, Jefferson, and Williams

6) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Short-Term Bond Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.

Class six represented by Plaintiffs Jefferson and Fuller

7) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic Prime Quality Money Market Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.

Class seven represented by Plaintiffs Pruitt, Jefferson, and Fuller

8) All participants and beneficiaries in the SunTrust Banks, Inc. 401(k) Plan, excluding Defendants, who had a balance through their Plan accounts in the STI Classic International Equity Index Fund at any time from March 11, 2005 to December 31, 2012 and were injured by Defendants' conduct.

Class eight represented by Plaintiffs Jefferson, Kennedy, and Williams

3. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appointed J. Brian McTigue and James Moore of McTigue Law LLP and Karen Handorf and Scott Lempert of Cohen Milstein Sellers & Toll PLLC as Class Counsel and Alan Perry of the law firm of Page Perry as local counsel and class liaison.

4. Because this Action is certified as a non-opt-out class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1), members of the Class shall be bound by any judgment concerning the Settlement in this Action.

5. **Preliminary Findings Regarding Proposed Settlement:** The Settlement documented in the Settlement Agreement is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that:

A. The proposed Settlement resulted from arm's-length negotiations under the supervision of Robert A. Meyer, Esq., a nationally recognized private mediator experienced in ERISA and other complex class actions;

4

B. The Settlement Agreement was executed only after the Parties engaged in intensive litigation for over eight years, Plaintiffs took two appeals to the Eleventh Circuit, the parties engaged in extensive fact and expert discovery, and there were numerous decisions on dispositive and discovery motions;

C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable and adequate; and

D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

6. **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Northern District of Georgia, the Honorable Judge Orinda Evans presiding, at **2:00 p.m. on July, 2020**, (the "Fairness Hearing") to determine, among other issues,

A. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

B. Whether the notice, publication notice and notice methodology were performed as directed by this Court;

C. Whether the motion for attorneys' fees and expenses to be filed by Class Counsel should be approved;

D. Whether an amount of Incentive Awards to Class Representatives should be approved; and

5

E. Whether the Administrative Expenses to administer the settlement specified in the Settlement Agreement and requested by the Parties should be approved for payment from the Gross Settlement Fund.

7. **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the *In re SunTrust Banks, Inc. 401(k) Plan* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $29,000,000.00 and any return thereon. The Settlement Fund shall be administered as follows:

A. The Settlement Fund is established exclusively for the purposes of: (a) making distributions to Class Representatives and the Class specified in the Settlement Agreement; (b) making payments for all settlement administration expenses and notice expenses, including payments of all Administrative Expenses specified in the Settlement Agreement; (c) making payments of all Attorneys' Fees and Expenses to Class Counsel as awarded by the Court in this action; and (d) payment of employment, withholding, income and other applicable taxes, all in accordance with the terms of the Settlement Agreement and this Order. Other than the payment of Administrative Expenses or as otherwise expressly provided in the

Settlement Agreement, no distribution shall be made from the Settlement Fund until after the Effective Settlement Date.

    B.    Within the time period set forth in the Settlement Agreement, Defendants shall cause $29,000,000 to be deposited into the Settlement Fund.

    C.    Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution, except as otherwise specifically identified herein. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) its obligation to cause $29,000,000 to be deposited into the Settlement Fund; and (2) its agreement to cooperate in providing information reasonably necessary for settlement administration as set forth in the Settlement Agreement.

    D.    The oversight of the Settlement Fund is the responsibility of the Settlement Administrator. The status and powers of the Settlement Administrator are as defined by this Order and in the Settlement Agreement.

    E.    The $29,000,000 that will be deposited by Defendants into the Settlement Fund pursuant to the Settlement Agreement, and all income generated on the amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer or similar process by any person. Except as described in the Settlement Agreement, once the Effective Settlement Date occurs

and the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the Parties shall be restored to their respective positions as of January 7, 2020; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to Defendants, except that income may be applied to offset Administrative Expenses.

      F.     The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

      G.     The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with § 5.7 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties

or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all amounts have been paid by the Settlement Fund.

   H. The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments made to Current Participants and Former Participants that provide complete and accurate IRA or other pension plan rollover information are not subject to tax withholding as allowed by law and described in the Class Notice and its attachments. Individual payments to Former Participants that do not provide complete and accurate IRA or other pension plan rollover information, or will not receive a payment of $200 or more, or Class Members who are first identified as Current Participants, but do not have an Active Account, are subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' and Named Plaintiffs' Incentive Awards, Administrative Expenses and all Attorneys' Fees and Expenses of Class Counsel shall be paid from the Settlement Fund.

   I. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, pursuant to the Settlement Agreement, determine, withhold, and pay over to the appropriate tax authorities any taxes due with respect to any distribution from the Settlement

Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

J. The Settlement Administrator, in its discretion, may request expedited review and decision by the Internal Revenue Service or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions.

K. The Settlement Administrator shall have all the necessary powers and take all necessary ministerial steps to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating, and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order.

L.     The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

M.     The Settlement Administrator may establish protective conditions concerning the disclosure of information maintained by the Settlement Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information and who is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Settlement Administrator shall supply such information to any claimant as may be reasonably necessary to allow him or her to accurately determine his or her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

11

N. This Order will bind any successor Settlement Administrator. The successor Settlement Administrator(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Settlement Administrator. Any Settlement Administrator(s) who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Settlement Administrator(s), to transfer administrative powers over the Settlement Fund to the successor Settlement Administrator(s). The appointment of a successor Settlement Administrator(s), if any, shall not under any circumstances require any Defendant to make any further payment of any nature into the Settlement Fund or otherwise.

8. **Class Notice**: The Parties have presented to the Court a proposed form of Class Notice, attached as Exhibit ___.

    A. The Court finds that the proposed form and website referenced in the Class Notice fairly and adequately:

        i. Describes the terms and effect of the Settlement Agreement and of the Settlement;

        ii. Notifies the Class concerning the proposed Plan of Allocation;

  iii. Notifies the Class that Class Counsel will seek Incentive Awards from the Settlement Fund for the Class Representatives and Named Plaintiffs, and Attorneys' Fees and Expenses;

  iv. Notifies the Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

  v. Gives notice to the Class of the time and place of the Fairness Hearing; and

  vi. Describes how the recipients of the Class Notice may object to any of the relief requested and the rights of the Parties to discovery concerning such objections.

 B. The Parties have proposed the following manner of communicating the notice to members of the Class, and the Court finds that such proposed manner is the best notice practicable under the circumstances, and directs that the Settlement Administrator shall by no later than sixty days before the Fairness Hearing, cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Class who can be identified through the Plan's recordkeeper or by commercially reasonable means. Defendants shall cooperate with the Settlement Administrator by providing, in electronic format,

the names, last-known addresses, and social security numbers or other unique identifiers of members of the Class. The names, last-known addresses, and Social Security numbers or other unique identifiers obtained pursuant to this Order shall be used solely for the purpose of providing notice of this settlement and as required for purposes of tax withholding and reporting, and for no other purpose.

C. For any Class Notice returned as undeliverable, the Settlement Administrator shall utilize the provided Social Security number or other unique identifier to attempt to determine the current address of the Class Member and shall mail notice to that address.

D. At or before the Fairness Hearing, Class Counsel or the Settlement Administrator shall file with the Court a proof of timely compliance with the foregoing requirements.

E. The Court directs Class Counsel, no later than sixty days before the Fairness Hearing, to publish the Class Notice on the website identified in the Class Notice.

9. **Objections to Settlement**: Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to any request for compensation for the Class Representatives must file an Objection in the manner set out in this Order.

A. A member of the Class wishing to raise an objection to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to any request for Incentive Awards for the Class Representatives or Named Plaintiffs must do the following: (1) file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (2) serve copies of the objection and all supporting authorities or evidence to Class Counsel and Defense Counsel. The addresses for filing objections with the Court and for service of such objections on counsel for the parties to this matter are as follows:

>   Clerk of the Court
>   United States District Courthouse for the Northern District of Georgia
>   Richard B. Russell Federal Building
>   75 Ted Turner Drive N.W. #2211
>   Atlanta, GA 30303
>
>   **MCTIGUE LAW LLP**
>   Attn: J. Brian McTigue
>   4530 Wisconsin Avenue NW
>   Suite 300
>   Washington, DC 20016
>
>   **COHEN MILSTEIN SELLERS & TOLL, PLLC**
>   Attn: Jamie Bowers
>   1100 New York Avenue N.W.
>   Suite 500
>   Washington, D.C. 20005

**KING & SPALDING**
Attn: David Tetrick
1180 Peachtree Street, N.E.
Atlanta, Ga 30309-3531

  B. The objector or his, her, or its counsel (if any) must serve copies of the objection(s) on the attorneys listed above and file it with the Court no later than twenty-eight (28) days before the date of the Fairness Hearing, or by no later than _____, \_\_\_\_, 2021.

  C. If an objector hires an attorney to represent him, her, or it for the purposes of making such objection pursuant to this paragraph, the attorney must serve a notice of appearance on the attorneys listed above and file it with the Court by no later than twenty-eight (28) days before the date of the Fairness Hearing or by no later than _____, \_\_\_\_, 2021.

  D. Failure to serve objection(s) on either the Court or counsel for the Parties shall constitute a waiver of the objection(s). Any member of the Class or other Person who does not timely file and serve a written objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

  E. Any Party wishing to obtain discovery from any objector may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector within

16

ten days of receipt of the objection and that any responses to discovery or depositions must be completed within ten days of the request being served on the objector.

      F.    Class Counsel may file a response to an objection, and serve the response on all Parties, no later than seven days before the Fairness Hearing or by no later than _____, \_\_\_\_, 2021.

    10.    **Appearance at Fairness Hearing**: Any objector who files and serves a timely, written objection in accordance with the terms of this Order as set out in Paragraph 5 above may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a notice of intention to speak setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and file it with the Court by no later than ten days before the date of the Fairness Hearing or by no later than _____, \_\_\_\_, 2021. Any objector (or objector's attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing.

    11.    **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish each other with copies of all objections that come into their possession.

12. **Termination of Settlement**: This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date, if the Settlement is terminated in accordance with the Settlement Agreement.

13. **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representative, or the Class that their claims lack merit, or that the relief requested in the Class Action is inappropriate, improper or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have.

14. **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plan.

15.    **Motion in Support of Final Settlement Approval, Application for Fee, Expense and Incentive Awards:** The motion in support of final approval of the Settlement and related relief shall be filed with the Court and served on all counsel of record at least forty-five calendar days prior to the Fairness Hearing, or by no later than _____, \_\_\_\_, 2021. Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and Incentive Awards for Class Representatives and Named Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least forty-five calendar days prior to the Fairness Hearing, or by no later than _____, \_\_\_\_, 2021. Copies of such materials shall be made available on the website identified in the Class Notice.

16.    **Supplemental Briefs:** Any supplemental brief filed by Class Counsel regarding the Settlement shall be filed with the Court at least seven calendar days prior to the Fairness Hearing, or by no later than _____, \_\_\_\_, 2021.

17.    **Continuance of Hearing:** The Court may continue the Fairness Hearing in its discretion without direct notice to the Class, other than by notice to Class Counsel and Defense Counsel, and any Class Member wishing to appear should check the Court's docket or call the Clerk's office three (3) days before the scheduled date of the Fairness Hearing.

**IT IS SO ORDERED.**

Dated: March 18, 2020

_____
Hon. Orinda D. Evans
United States District Judge